[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Elena Campana, and the defendant, intermarried on May 19, 1979 in Meriden, Connecticut. They have resided continuously in this state since that time. There are two minor children issue of the marriage: Melissa Jones, born February 29, 1980, and Kristen Jones, born July 27, 1985.
The evidence presented at trial has clearly established that the marriage of the parties has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-56a, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 17 years. The plaintiff is presently holding two jobs and has worked throughout the marriage except for short intervals at and near the times of the birth of her children. The defendant is now employed and has been throughout the marriage.
Stress and conflict developed early in the marriage, initially about 1984, culminating in plaintiff's instituting a dissolution action in 1989 which was later withdrawn. Although both parties should share the blame for the breakdown of their marriage, the catalyst of the breakdown may well have been the husband's drinking habits. In addition the court has considered that the wife has been the primary caretaker of the minor children.
I. CUSTODY AND VISITATION
CT Page 6567
A. There shall be joint legal custody of the two minor children, the physical custody and residence of both children to be with the wife.
B. The defendant husband shall be entitled to reasonable, liberal and flexible visitation including every other weekend from 5:00 P.M. Friday to 6:00 P.M. on Sunday, and one afternoon during the school week from 3:30 P.M. to 6:30 P.M. Such weekend and weekday visitation shall continue throughout the summer.
The husband and wife shall work out between themselves the sharing of the children during vacation times, other holidays and birthdays. During the summer vacation the father is entitled to have the children with him for a two week period of his selection with proper consideration of the mother's and children's schedule and commitments. The father must give (2) two weeks notice in advance thereof of his intention to have the children with him during such period.
If the parties cannot agree as to holiday vacation, and/or birthday sharing, either, party may petition the Superior Court for guidance and determination of the issue.
II CHILD SUPPORT
Husband shall pay to wife, as child support for the two minor children, the sum of $190.00 per week, said payments to continue with respect to each child until said child completes the twelfth grade, or attains the age of (19) nineteen which ever first occurs, as set forth in Conn. General Statutes § 46b-84, or such child's emancipation or death. Such support amount is in accord with the Support Guidelines and shall commence on Friday, December 20, 1996.
III ALIMONY
Husband shall pay to wife the sum of ($1) one dollar per year alimony commencing in 1996. Said alimony will be modifiable only in the event that the husband does not pay his share in full of any joint obligations of the parties as shall be his responsibility as here and after set forth. Said alimony shall terminate when the husband has satisfied his obligation with respect to the Thrift Plan mortgage in full.
CT Page 6568 IV REAL ESTATE
The husband shall convey to the wife, by quitclaim deed, all of his right, title and j interest in and to the marital residence, known as, 102 Schooner Lane, South Meriden, Connecticut. The wife shall be responsible for the first mortgage on said premises in the present approximate amount of $79,000 as well as taxes, maintenance, insurance and utility charges from the date of transfer, and shall indemnify and hold the husband harmless therefrom. Said conveyance is to take place on or before January 9, 1997.
In addition to the first mortgage as above, there are a second mortgage to Thrift Plan in the amount of $8,400, and a Shawmut Credit Line in the amount of $9,400 upon said property. Husband is to be responsible for and is to pay the Shawmut Credit Line and shall indemnify and hold harmless the wife therefrom. No further withdrawals shall be made by wife on said credit line account. The wife shall be responsible for and shall pay the Thrift Plan mortgage and shall indemnify and hold the husband harmless therefrom.
V PERSONAL PROPERTY
The personal property of the parties is to be divided as follows:
1. The husband shall retain the large screen television set and surround sound system for use therewith which items are already in his possession.
2. The husband shall retain the dresser and Quoizel lamp in his possession and; he shall also receive the microwave and cart presently in the family home; his tools from the garage; the kitchen set from his mother's estate; and the snow blower.
3. Husband shall receive the sofa, loveseat, end tables and lamps from the basement of the family home.
4. The wife shall retain the CD player, turntable, VCR, speakers, equalizer, tape player and 35MM camera which husband removed from the family home and is to return. In addition the 27" television set presently in the family room shall remain the property of the wife as well as the lawn mower and 4 bar stools.
CT Page 6569 5. The computer which was used by the children and removed from the home by the husband, is to be returned by him to the home so as to be available to the children and the household.
6. The plaintiff wife shall be entitled to all remaining furnishings, furniture, contents and personal property in the marital home.
VI OTHER PROPERTY
 A. The plaintiff wife shall have sole ownership, title and use of the 1989 Toyota Camry.
B. The defendant husband shall have sole ownership, title and use of the 1989 Ford truck.
Each party shall execute and deliver all necessary documents required to transfer title and ownership of said respective vehicles to the other party, so as to enable the registration of each vehicle in the name of the new owner of record.
C. Each party shall retain his and her pension or retirement account with their respective employer and waive any right, title and interest each has or may have in the future in the pension and/or retirement account of the other.
VII MEDICAL AND DENTAL COVERAGE
 A. The husband shall maintain medical and dental (if available) insurance for the benefit of the minor children to the extent available through his employment with the City of Meriden. If at any time such coverage is no longer available, each party shall be responsible for procuring and maintaining a health insurance plan for the benefit of the minor children and shall share the cost of such plan equally. Such coverage shall continue for the benefit of each child for so long as the husband has an obligation to pay child support as set forth above.
B. The parties shall share equally any uninsured/unreimbursed medical and dental expenses for the children. Medical expenses shall include optical, surgical, psychiatric, psychological and hospitalization and reasonable nursing expenses, cost of prescription drugs and medicines and dental expenses including orthodontic expenses. CT Page 6570
D. Neither party shall contract for any extraordinary expenses on behalf of the children without first consulting the other, except in the case of emergencies. "Extraordinary expenses" for the purpose of this paragraph shall be defined as psychiatric or psychological counseling or therapy, elective surgery, or non-medical healing acts. Consent to such treatment or counseling shall not be unreasonably withheld.
VIII DEBTS
 A. The husband shall be responsible for the debts listed in his financial affidavit, that is Visa/Mastercard — $2,500; and Shawmut Credit Line — $9,436.74. Husband shall also be responsible for one-half of the balance owed on the Mastercard/Visa account appearing on plaintiff wife's affidavit as this account was a joint account during the marriage.
B. The wife shall be responsible for one-half of the balance due on the joint Mastercard/Visa account and the remaining debts listed on her financial affidavit.
IX BANK ACCOUNTS
The parties may each retain bank accounts reflected on their respective financial affidavits.
X TAX EXEMPTIONS
Commencing in the 1996 tax year and thereafter each party shall be entitled to claim one of the children as an exemption for federal and state tax purposes for so long as permitted to do so by law.
XI COUNSEL FEES
The evidence disclosed that the Husband withdrew $5,000 from the parties' joint savings account at the time of the separation of the parties. Therefore, the court orders that the husband pay $2,500 toward the Wife's counsel fees.
David W. Skolnick, Judge